# Eareckson *v.* Hoyt, Appellant.

*Contract—Written instrument—Parol evidence—Landlord and tenant—Lease.*

An affidavit of defense is not a sufficient answer to a claim for rent of the months of November and December, 1913, under a written lease for one year from November 1, 1912, at $420 a year "payable monthly" in sums of $35.00, rent to begin from January 1, 1913, and the lease to continue from year to year, where such affidavit alleges an oral agreement that the rent on renewals should be $350 a year in ten monthly installments omitting the months of November and December, without any averment of fraud, accident or mistake as to the omission of the alleged oral agreement.

Argued Oct. 8, 1914.   Appeal, No. 22, Oct. T., 1914, by defendant, from order of C. P. No. 5, Phila. Co., Dec. T., 1913, No. 2,502, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Charles C. Eareckson et al., trading as Eareckson-Hoffecker-Fleming.   Before Rice, P. J., Orlady, Head, Henderson, Kephart and Trexler, JJ.   Affirmed.

Assumpsit for rent.

From the statement of claim it appeared that the suit was brought for rent at the rate of $35.00 per month alleged to have accrued on the first days of November and December, 1913.

The granting portion of the lease was as follows:

"The Lessor hereby demises and lets unto the Lessee all that certain dwelling situate and known as premises No. 4136 Leidy Avenue, in the city of Philadelphia, for the term of one year from the First day of November, A. D. 1912, for the yearly rent or sum of Four Hundred and Twenty Dollars, payable monthly in advance in sums of Thirty-five Dollars, on the First day of each and every month during the said term or any renewal thereof which the Lessee hereby covenants to pay.   Rent to begin from January 1, 1913."

532      EARECKSON *v.* HOYT, Appellant.  ·

Statement of Facts—Assignment of Error.   [58 Pa. Superior Ct.

The lease was to continue from year to year.

The defendant entered upon the premises and continued thereon without notice on either side until the first of November, 1913, when the lease by its own terms was renewed for another term of one year. The defendant denied liability for the rent accruing on the first days of November and December, 1913.

The material portion of the affidavit of defense was as follows:

That no rent became due for said months; that at the time of the agreement of said lease, November 7, 1912, and just before it was signed, it was agreed between the parties that while the lease should mention $420, as the yearly rental, payable in monthly installments of $35.00 in advance on the first day of each month during the said term or any renewal thereof, that the real, true and only rental should be $350 a year or any renewal thereof, and not $420 a year, to be paid, not in twelve but in ten monthly installments of $35.00 each, the first to be paid January 1, 1913, and the rent accordingly was made to begin, not from November 1, 1912, but from January 1, 1913, as will particularly appear by reference to said lease, a copy of which is hereto annexed marked "exhibit 1," and is made a part of this affidavit of defense. That the defendant, by the said agreement that the true rental should be $350 a year and for any renewal thereof and not $420 a year and that it should become due and payable, not in twelve monthly installments of $35.00 each, in advance on the first day of each month, but in 10 monthly installments of $35.00 each, the first to be paid January 1, 1913, was induced to and did sign the said lease, and has fully performed the same and has fully paid all accrued rent under said lease or renewal thereof.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*L. W. Baxter,* for appellánt.—Where at the execution of a writing, a stipulation has been entered into, a condition annexed, or a promise made by word of mouth upon the faith of which the writing has been executed, parol evidence is admissible though it may vary and materially change the terms of the contract: Sloss-Sheffield Steel & Iron Co. v. Tacony Iron Co., 46 Pa. Superior Ct. 164; Gandy v. Weckerly, 220 Pa. 285; Krueger v. Nicola, 205 Pa. 38; Croyle v. Cambria Land & Imp. Co., 233 Pa. 310.

*Morris Wolf,* with him *Horace Stern,* for appellees.— The affidavit of defense does not set up any agreement which excused the payment of the rent due November 1, and December 1, 1913: Wodock v. Robinson, 148 Pa. 503; Krueger v. Nicola, 205 Pa. 38; Lowry v. Roy, 238 Pa. 9.

OPINION BY HEAD, J., December 7, 1914:

The learned court below made absolute a rule for judgment for want of a sufficient affidavit of defense and the defendant appeals.

The plaintiff sues on a written lease in the usual form containing the familiar covenants to be almost universally found in demises of city property. He seeks to recover the amount of the rent reserved for a period of two months which rent had undeniably accrued under the terms of the lease. With the averment of the due execution of the instrument, its extension, by its own provisions, for a second term of one year, and the refusal of the defendant to pay according to his written covenant, the plaintiff's prima facie case was complete.

The defendant, in his affidavit, admits he signed and sealed and, in the presence of a subscribing witness, delivered the written lease in the precise form in which it appears in the pleadings. He admits he received and retains possession of the premises demised, and thus obtained the full consideration moving to him. He

agrees that no notice of an intention to determine the lease was given by either party within the time stipulated, and that thereby all of the obligations of the contract were revived and the term extended for the full period of one year, to wit, from November 1, 1913, to November 1, 1914. He accepts as true the averment that he refused to pay any rent for the first two months of the renewal year.

He then proceeds to aver that whereas the lease reserves an annual rental of $420 the parties agreed in parol such rental for the term, or any renewal thereof, should be but $350. Further, that although the written instrument stipulated that the reserved rent should be "payable monthly in advance in sums of thirty-five dollars on the first day of each and every month during the said term or any renewal thereof"; the parties, again in parol, agreed such sums should be paid only during ten months of any renewal year, and that for the months of November and December, in each renewal year the lessor was to have nothing. He therefore claims no rent accrued during the period covered by this suit. We have not then the averment of a collateral agreement, resting in parol, without the aid of which, the written instrument cannot be justly interpreted. Nor have we the case of a subsidiary or ancillary oral undertaking covering other matters, the legal effect of which would be to limit or restrict the written covenants to conditions not expressed in the latter. There is no averment that the use which the plaintiff now seeks to make of the lease is in violation of any such collateral agreement as we have mentioned. Manifestly there is no pretense that through fraud, accident or mistake the written lease contains aught else than the parties clearly intended it should contain.

We have but a frank and simple undertaking, by one party to a written contract, to expunge and obliterate therefrom the provisions affecting its most vital covenants and to substitute therefor other, resting in

parol, covering precisely the same subject-matter, and destructive of the obligations solemnly and knowingly inserted in the written instrument. We know of no principle of law or rule of reason that would sanction such an attempt. We find no support for the contention here advanced either in Gandy v. Weckerly, 220 Pa. 285, or in Croyle v. Land Co., 233 Pa. 310, upon which the appellant relies.

If we ever reach the point where men may so easily relieve themselves of their written obligations, the latter will become worse than worthless and the chief reliance of men, in their business activities, will be greatly impaired if not entirely destroyed.

The judgment is affirmed.