# Texter *v.* Wachs, Appellant.

*Building contracts—Breach of contract—Liquidated damages for delay—Charge of court.*

In an action to recover liquidated damages for delay, under a building contract which provided that the contractor should pay "by way of liquidated damages the sum of $10 per diem for each and every day thereafter the said work shall remain incomplete" it is error for the court to charge the jury that the contractor would not be liable for delay caused by adverse weather conditions but that he would be liable only for delay caused by his own negligence.

Where a building contract provides for liquidated damages for delay, the fact that the conduct of the owner has caused delay does not relieve the contractor, as soon as such cause has ceased, from speedily finishing the work, and the failure to do so will warrant the owner in invoking the claim for liquidated damages for every day of unreasonable delay thereafter.

When parties enter into the contract for the erection of a building in this climate, they must be presumed to know that the weather conditions will not always be favorable and if they wish to be protected against same, they should make suitable provision therefor in the contract itself. Where the contractor covenants that, in case of delay he will pay a certain rate per diem, the appliances and the number of men which he would employ in the undertaking were for him to determine, and if there was delay he must respond according to his contract, unless that delay was caused by the defendant or his agent.

An independent contract, for extras at a price agreed upon, is properly admissible in evidence, in an action for the amount due, where such contract was in addition to and not an essential part of the original undertaking.

KELLER, J., dissents.

Argued April 22, 1919. Appeal, No. 105, April T., 1919, by defendant, from judgment of C. P. Lawrence Co., March T., 1911, No. 33, on verdict for plaintiff in case of H. S. Texter and H. N. Texter, partners trading and doing business under the firm name and style of H. S. Texter & Son, v. A. H. Wachs. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Reversed.

Assumpsit on a building contract. Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $1,469.18 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence and the charge of the court.

*William E. Porter,* and with him *Edwin K. Logan,* for appellant, cited: Malone et al. v. Philadelphia, 147 Pa. 416; Pittsburgh Iron & Steel Engineering Co. v. National Tube Works Co., Appellant, 184 Pa. 251; White v. Braddock Boro., 159 Pa. 201; Noonan v. Pardee, 200 Pa. 474; Wilhelm's App., 79 Pa. 120; Miller v. McCaffrey, 9 Pa. 245; Hedden v. Wainwright, 20 Mont. Co. 37; Corpus Juris 9-842.

*S. L. McCracken,* for appellee.

OPINION BY PORTER, J., October 13, 1919:

The plaintiffs in this action seek to recover a balance alleged to be due upon a contract for the erection of a building, for additional work in erecting shelving and counters in one of the storerooms of the building and for work done upon other buildings of the defendant. The contract for the erection of the building was in writing and required the building to be finished by June 1, 1907. The principal question in controversy at the trial arose under the following covenant, viz: "Should the contractors fail to finish the work at or before the time agreed upon, they shall pay to or allow the proprietor, by way of liquidated damages, the sum of ten dollars per diem for each and every day thereafter the said work shall remain incomplete." It is admitted on behalf of the plaintiffs that, in view of the character and extent of the building operations, the amount thus stipulated to be paid in case the contractors failed to finish the building at the time

agreed upon, is to be considered as liquidated damages. There does not seem to be any serious question under the evidence that there was a delay, the building was not finished at the time contracted for. The learned judge of the court below properly held that the amount to be paid by the contractors in case of delay must be sustained as a stipulation for liquidated damages, but the appellant, the defendant, complains of the manner in which the question of the responsibility of the contractors to answer for that delay was submitted to the jury.

The court in that portion of the charge which is the subject of the second specification of error charged the jury as follows: "The plaintiff, having entered into this contract, would be required to finish and complete the structure on or before the date named in it, provided there was not any permission given him to delay the work by the defendant or by his agent, namely, the architect, or through weather conditions which would make it absolutely impossible for him to do the work." If the limitation upon the liability of the plaintiff for delay, as thus stated, had been confined to that part of the instruction which referred to such delay as resulted from the action of the defendant or his agent, the architect, the instruction would not have been so clearly erroneous as to warrant a reversal, for the jury would probably then have understood that the plaintiff was only to have the benefit of such delay as resulted from the action of the defendant or his agent. It would, however, have guarded against misunderstanding by the jury if the court had instructed them that, even if the defendant had to some extent delayed the operation the plaintiff was only entitled to the delay which resulted from that cause. "For the fact that plaintiff was obstructed by defendant in strict performance did not absolve it from further effort to speedily perform. When the cause for the delay, the conduct of the defendant, ceased, the obligation to speedily finish was at once reimposed with all its force on plaintiff, and failure then to perform within a reasonable

time warrants defendant in invoking the per diem damages for every day of unreasonable delay thereafterwards": Iron & Steel Co. v. Tube Works, 184 Pa. 261; White v. Braddock Boro., 159 Pa. 201; Lilly v. Person, 168 Pa. 219. The concluding clause of the instruction, which would excuse the plaintiff for delay resulting from weather conditions, is more serious. This contract was entered into in December, 1906, and required the plaintiffs to complete the building on or before the first day of June, 1907. When parties enter into a contract of this nature for the erection of a building, in our climate, during a period which includes the winter months, they must be presumed to know that the weather conditions will not always be favorable to the execution of such an operation and if they wish to be protected against weather conditions they should do so by suitable covenants. There was in this case no evidence that there had been an extraordinary storm, or cyclone which destroyed or damaged the work, and the jury ought not to have been instructed that, under the terms of this contract, the weather conditions were an excuse for delay upon the part of the plaintiffs. The second specification of error is sustained.

The instruction complained of in the first specification of error certainly tended to leave upon the minds of the jury the impression that the plaintiff was only to be held answerable for such delay as resulted from his negligence or carelessness. He had covenanted that in case of delay he would pay at a certain rate per diem. The appliances and the number of men which he would employ in the undertaking were for him to determine; if there was delay he must respond according to his contract, unless that delay was caused by the defendant or his agent. The first specification of error is sustained.

The contract contained a covenant that nothing done under the contract was to be considered as extras unless agreed upon in writing and signed by the owner and contractor and certified to by the architect. The appellant

contends that this covenant rendered it improper for the court below to admit evidence establishing that, after one of the storerooms had been completed and rented, the plaintiff entered into a contract with the defendant to place in the store such shelving and counters as the tenant desired, and agreed to pay for such work the sum of $125. The work thus done was not an essential part of the building; it was of such a character that if it had been done by the tenants they would have been entitled to remove the trade fixtures, at any time during their term. The contract was an independent one and the parties had agreed upon the price to be paid for the work; the evidence was properly admitted and the specification of error is overruled: Moore v. Carter, 146 Pa. 501. The evidence as to the cause of the delay in completing the building and the period of time during which it continued was conflicting and it would have been error for the learned judge of the court below to have given binding instructions in favor of the defendant.

The judgment is reversed and a venire facias de novo awarded.


DISSENTING OPINION BY KELLER, J.:

I am unable to agree with the conclusion of the majority of the court. While the instructions of the trial judge with respect to damages for delay, complained of in the first and second assignments of error, were technically erroneous as pointed out in the opinion of the court, no harm was done the defendant, for in my judgment, the provision in the contract providing for the payment of a specified sum per day as liquidated damages for delay had been waived by the defendant, and that item should not have been submitted to the jury at all. It was practically admitted by the defendant and his representative, the architect, that the work had been shut down over the winter by agreement of both parties, because the weather was not fit for laying brick, and that the brick work started as soon as the weather permitted.

Conflicting claims were presented at the trial as to the reason for the further delay in completing the building, each party blaming it on the other. A careful review of all the testimony, however, fails to disclose one word of complaint or dissatisfaction uttered by the defendant during the course of the building operations, with the progress of the work, or of objection that the time limit prescribed in the contract was being exceeded. On the contrary, it was admitted that the defendant made payments to the plaintiff on account of the contract price, long after the time when the building should have been completed, and largely in excess of the amount due the plaintiff if enforcement of the provision for damages for delay had been contemplated. The appellant's real ground of defense was that he had paid the plaintiff the contract price in full; his claim for damages for delay was clearly an afterthought, not presented to the plaintiff until after suit was brought.

The case, in my opinion, is squarely ruled by the decision of the Supreme Court in Coryell v. DuBois Borough, 226 Pa. 103, that where a building contract provides for a deduction of a stated amount as liquidated damages from the contractor's compensation for each day of delay after a time specified, the owner cannot claim such deduction where he has made no objection to the delay and by his conduct has given the contractor grounds for believing that the provisions of the contract as to the penalty for delay would not be enforced.

I would affirm the judgment.