EMPIRE STATE PICKLING COMPANY *vs.* EMPIRE GROCERY COMPANY.

Suffolk.   March 9, 1920. — April 1, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Contract,* Modification, Performance and breach.

At the trial in the Municipal Court of the City of Boston of an action of contract to recover the contract price of a quantity of sauerkraut, there was evidence that, by a contract in writing dated February 11 of a certain year, the plaintiff agreed to sell and the defendant to purchase one hundred barrels of sauerkraut "F. O. B. Phelps," "to be ordered out" by the defendant between the next October 1 and November 30; that the kraut was ready for delivery, but was not ordered out and was not delivered; that on the next January 2, the kraut was barrelled and placed in storage by the plaintiff for the defendant's account and the defendant was notified; that on January 4 the defendant wrote the plaintiff requesting that no shipment of the kraut be made and to "Hold goods in your storage until we advise you further," and that the plaintiff on January 6 wrote the defendant agreeing to do so.   On March 15, in reply to the plaintiff's request for information as to when the kraut would be ordered out, the defendant wrote the plaintiff that it could not use the kraut and to make no shipment.   The trial judge found "that title passed" and found for the plaintiff.   *Held,* that

(1) The evidence warranted the findings;

(2) Although, under the contract, title would not have passed until the sauerkraut was delivered "F. O. B. Phelps," the proposal of the defendant made on January 4, that the plaintiff should "Hold goods in your storage until we advise you further" and the acceptance by the plaintiff of this proposal on January 6, operated as waivers of the obligation of the defendant to order out, and of the plaintiff to make delivery "F. O. B. Phelps" as a condition of the passing of title;

(3) The defendant was obligated under St. 1908, c. 237, § 51, to pay the contract price and the storage and insurance charges.

CONTRACT, with a declaration in two counts, the first count being for alleged breach of a contract in writing dated February 11, 1918, whereby the plaintiff agreed to sell and the defendant to purchase one hundred barrels of sauerkraut "F. O. B. Phelps," "To be ordered out between October 1, 1918, and November 30, 1918." The second count was upon an account annexed for the purchase price of the sauerkraut, storage, insurance and interest. Writ in the Municipal Court of the City of Boston dated March 25, 1919.

The material facts appearing at the hearing in the Municipal Court are described in the opinion. At the close of the evidence the defendant asked for the following rulings:

"1. Upon all the evidence the court must find for the defendant on the first count.

"2. Upon all the evidence the court must find for the defendant on the second count.

"3. There is not sufficient evidence to warrant the court in finding that title to the goods ever passed to the defendant.

"4. The plaintiff can recover, if at all, only damages for breach of contract sued upon.

"5. The measure of damages is the difference between the contract price of the goods and the market value of same at the time of breach.

"6. There is not sufficient evidence in this case to warrant a finding of any more than nominal damages in respect to the first item in the account annexed to the plaintiff's declaration."

"8. The plaintiff cannot recover the cost of insuring the goods.

"9. The plaintiff cannot recover the cost of storing the goods."

"11. The measure of damages, if any, must be fixed as of the date of expiration of the contract sued upon.

"12. Upon all the evidence the plaintiff can recover, if at all, only nominal damages.

"13. The plaintiff was bound to have used all reasonable means of mitigating the damages.

"14. On the pleadings and on the evidence, the plaintiff cannot recover on the first count.

"15. On the pleadings and on the evidence, the plaintiff cannot recover on the second count.

"16. On the pleadings and on the evidence, the plaintiff can recover only nominal damages on the first count.

"17. On the pleadings and on the evidence, the plaintiff can recover only nominal damages on the second count."

The trial judge refused to rule as requested, found "that title passed" and found for the plaintiff and, at the defendant's request, reported the case to the Appellate Division, who dismissed the report. The defendant appealed.

St. 1908, c. 237, § 51, referred to in the opinion, is as follows: "When the seller is ready and willing to deliver the goods, and requests the buyer to take delivery, and the buyer does not within a reasonable time after such request take delivery of the goods, he is liable to the seller for any loss occasioned by his neglect or refusal to take delivery, and also for a reasonable charge for the care and custody of the goods."

*S. T. Lakson*, for the defendant.

*R. S. Wilkins*, for the plaintiff.

PIERCE, J. This is an action of contract, before this court on appeal from an order of the Appellate Division of the Municipal Court of the City of Boston dismissing a report of the trial judge of that court. The material evidence introduced at the trial tended to prove that on February 11, 1918, the plaintiff and the defendant entered into a written contract in Boston, for the purchase and sale of a quantity of sauerkraut. The goods were not in stock, were to be manufactured by the plaintiff, were to be "ordered out" between October 1, 1918, and November 30, 1918, were to be delivered "F. O. B. Phelps, no freight allowance," and were to be paid for at the agreed price at the option of the purchaser on the terms of a discount for cash in ten days or net thirty days from the date of shipment.

The plaintiff manufactured the kraut and had it in vats ready to be packed in barrels for delivery "F. O. B. Phelps" before October 1, 1918, and held it ready for delivery between October 1, 1918, and November 30, 1918, when it should be "ordered out" by the defendant. On November 5, 1918, the plaintiff wrote to the defendant calling its attention to the provision in the contract that the casks of kraut were to be "ordered out" prior to November 30, 1918, and, stating they would like "to ship them immediately," asked for "shipping instructions." On December 14, 1918, the plaintiff in a letter again asked the defendant for shipping instructions, and stated that "unless we receive shipping instructions

from you by return mail, we shall place these goods in storage for your account. The storage charges will be 10c. per cask per month or fraction of month. We will have these goods insured in your name at the contract price, and will send you a bill for the insurance premium. We will send you a bill also for the kraut on the day the same goes in storage, and said bills will all mature thirty days from that date, and we shall expect payment at that time." On December 18, 1918, the defendant wrote the plaintiff, ". . . Replying to your letter of December 14th, on account of absence of the gentleman who takes charge of the kraut, we cannot give you any definite answer. We expect the gentleman will be in the office next week. He will take it up direct with you." On December 20, 1918, in reply the plaintiff wrote the defendant a letter wherein it refused a request by the defendant that it should make an offer to cancel the contract of the defendant, and concluded by saying "We shall be pleased to have you advise us in accordance with your letter, as soon as the gentleman whom you speak of, returns to your office."

On January 2, 1919, the plaintiff packed the kraut in barrels which it had on hand, put them in storage in the defendant's name, and marked them "54" in pursuance of an intention of its secretary "to set them aside as the goods contracted for." On January 4, 1919, the plaintiff wrote to the defendant that the goods had been put in storage, and enclosed invoices for the contract price and for one month's storage. On the same day, January 4, 1919, the defendant wrote the plaintiff: "Replying to your letters of December 14th and 20th, please do not make shipment of kraut as per your letters. Hold goods in your storage until we advise you further." On January 6, 1919, the plaintiff wrote to the defendant and agreed to hold the kraut in storage. On February 20, 1919, the plaintiff wrote to the defendant inquiring when the goods were to be ordered out. On March 15, 1919, the defendant wrote "This letter is in reference to your letter of March 13th as well as previous correspondence regarding the matter of sauerkraut. We cannot possibly use the sauerkraut and must advise you now not to make any shipments whatever of sauerkraut to us." There does not appear to have been a letter of March 13.

The trial judge of the Municipal Court "found 'that title passed' and found for the plaintiff." We are of opinion the evi-

dence warranted the finding. The agreement of the plaintiff was to deliver the goods "F. O. B. Phelps," between October 1, 1918, and November 30, 1918, when ordered out by the defendant. The agreement of the defendant was to order out the goods within the period named for so doing, and after their delivery at the railroad to pay for them within thirty days. The goods were not ordered. out, nor were they delivered, although they were ready for delivery when ordered out. After November 30, 1918, both parties to the contract treated it as remaining in force until it was repudiated on March 15, 1919, by the above letter of the defendant. While the title to the goods under the agreement would not pass to the defendant until the goods were delivered "F. O. B. Phelps," we are of opinion that the evidence warranted a finding that it did pass on January 6, 1919, when the plaintiff accepted the proposal of the defendant, made January 4, 1919, that the plaintiff should "Hold goods in your storage until we advise you further," — the proposal and acceptance operating as waivers of the obligation of the defendant to order out and of the plaintiff to make delivery "F. O. B. Phelps," as a condition of the passing of title. *Weld* v. *Came*, 98 Mass. 152. It follows that the defendant was obligated to pay the contract price and the storage and insurance charges under St. 1908, c. 237, § 51.

The requests for rulings so far as they are not covered by this opinion have all been considered; they are not argued, and are treated as waived.

*Order affirmed.*