## Commonwealth v. Kilgus.

*Practice—Question by jury after retirement.*

After a jury retired it sent a written communication to the court, asking whether a certain fact had been shown by the evidence, to which the court wrote, in answer, "Yes," it being in accordance with the testimony, after submitting the question and answer to counsel, who made no objection: *Held*, not to be cause for a new trial.

Indictment for felonious entry and larceny. Rule for a new trial. Q. S. Lancaster Co., Jan. Sess., 1922, No. 42.

*John E. Malone*, for rule; *William C. Rehm*, District Attorney, contra.

HASSLER, J., April 8, 1922.—Besides the general reasons that the verdict is against the law and the evidence, which are without merit, the defendant assigns as a reason for a new trial the fact that we erred in giving additional instructions to the jury, at their request, after they had retired for deliberation.

The defendant was convicted of having on several occasions entered the local armory of the National Guard of Pennsylvania and stolen rifles, blankets and other goods, all of which he sold to persons from whom they were recovered by the State Police. After the jury retired, it sent a written communication to the court, asking: "Has the gun that Kilgus claimed to have brought from abroad and sold to Herr been proven to be one of the guns turned over to the State Police and identified as among the guns offered in evidence?" To this we answered in writing, "Yes," which is in accordance with the testimony. We first submitted the question and answer to the defendant's attorney, who made no objection and took no exception to our answering the question as we did. All of this appears on the record. We might add, further, that we did not see that the testimony threw any light upon the question of the defendant's guilt.

It is well settled that when a jury asks additional instruction, either on a question of law or to refresh their recollection of the testimony, it is the duty of the court to comply with the request, by instructing them as to the law or having the testimony asked for read to them, attorneys for both parties being present and having been given an opportunity to make objection. The court, if no objection is made after opportunity has been given to the attorneys on both sides, can communicate their instructions to them: Earon v. Mackey, 106 Pa. 452; Sommer v. Huber, 183 Pa. 162. Our answer to the jury's communication was in accordance with the testimony, and it was submitted to counsel for the defendant as well as the district attorney, neither of whom made any objection to it. We are convinced that no harm was done the defendant, and that our answering it was free from error. We, therefore, dismiss the rule for a new trial.

From George Ross Eshleman, Lancaster, Pa.