# Parish Mfg. Corp. *v.* Martin-Parry Corp., Appellant.

*Contracts—Sales—Assignment—Waiver of delay in delivery by assignee—Novation—Acceptance—Notice—Evidence—Burden of proof—Change of parties—Consent—Measure of damages.*

1. The burden is on one who alleges a novation to establish it by proof, and, in the absence of an agreement that the original obligation is extinguished, and a new one substituted, the original debtor is not released.

2. Consent to a change of parties to a contract must be shown; it may be established by circumstances showing assent, as well as by expressed words.

3. Where a novation is denied, all that is required of the party asserting it is to establish the disputed facts by the weight of the testimony.

4. The fact that there was a close relation between the original party to the contract, and the one substituted, is proper to be considered by the jury under appropriate instructions by the court.

5. If a contract of sale is assigned by the buyer, the liability of the buyer continues, unless released by novation; but he is responsible only for the obligation which he contracted to assume, and the assignee cannot, without his knowledge, increase the burden by new promises to the seller.

6. If, in such case, the assignee waives delay in deliveries, and this is unknown to the assignor, evidence of the waiver should be rejected in an action by the seller against the buyer under the original contract.

7. Where delay in delivery becomes necessary by change of plans, delivery is excused if the seller performs his obligations within a reasonable time after the modification is made.

8. If an extension be granted from time to time, the seller must be informed that prompt performance is expected thereafter, otherwise complaint cannot be made on that ground in a suit to enforce the obligation assumed.

9. Where there are limited extensions of time made necessary by changes, and the evidence shows an insistence by the buyer on compliance within a reasonable time thereafter, the question whether there was undue delay is for the jury.

10. In such case it is competent to show, by one qualified, what additional period was required to complete the work made necessary by the change of plans.

Argued November 25, 1925. Appeal, No. 41, Jan. T., 1926, by defendant, from judgment of C. P. York Co., Aug. T., 1923, No. 221, on verdict for plaintiff, in case of Parish Manufacturing Corporation v. Martin-Parry Corporation. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit under contract for sale of goods. Before Ross, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $19,613.70. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*V. K. Keesey,* of *Schmidt, Keesey, Stair & Kurtz,* for appellant.—As the frames were intended for use in the manufacture of defendant's own product, time was clearly of the essence: Heller's Est., 6 Pa. Superior Ct. 246.

Where the parties to a contract agree on changes which delay the work, they are taken to have understood that the time limit is extended by such additional time as is caused by the change: Texter v. Wachs, 73 Pa. Superior Ct. 19; Pittsburgh Iron & Steel Co. v. Tube Works, 184 Pa. 251, 261; Lilly v. Person & Riegel, 168 Pa. 219, 233; Amoskeag Mfg. Co. v. United States, 17 Wal. 592; McGowan v. Tan Bark Co., 121 U. S. 575, 600.

Where time is of the essence, performance on time is essential in order to require performance by the other party: Clark v. Wright, 5 Phila. 439.

A novation can be established by the conduct of the parties: Robbins v. Robinson, 176 Pa. 341; South Side Trust Co. v. Washington T. Plate Co., 252 Pa. 237.

If plaintiff chose to hold the frames, instead of scrapping them, in the hope that it could later dispose of them, the cost of so doing cannot be charged to defendant: Franklin Sugar Ref. Co. v. Lykens Mercantile Co., 274 Pa. 206, 212.

*Henry C. Niles,* with him *John A. Keppelman,* for appellee.—Where delivery is extended from time to time with no intention manifested to hold to literal performance, a party cannot rescind or be relieved from its contract obligations without a demand for strict perform-

ance within a reasonable time thereafter: Germain
Fruit Co. v. Thomas Roberts and Co., 8 Pa. Superior Ct.
500; Williams v. Wenger, 48 Pa. Superior Ct. 497, 500;
Kapailo Mfg. Co. v. Fay, 55 Pa. Superior Ct. 564, 566.

OPINION BY MR. JUSTICE SADLER, January 4, 1926:

The Martin-Parry Corporation, defendant, was en-
gaged in the manufacture of automobile trucks, and, on
December 19, 1919, ordered from the plaintiff, the Parish
Manufacturing Corporation, 1,000 frames, required in
the construction of the completed motors. Deliveries
were promised in four equal parts during the months of
March, April, May and June of the year following.
Later, certain changes were made in the specifications,
and, on March 1st, the original order was confirmed, the
price being slightly increased because of the alterations
requested. At that time, prompt shipments were de-
manded, but the seller expressed doubt as to its ability
to furnish the finished product in less than four to six
weeks, agreeing, however, to forward in April. A second
modification was made on the 22d of that month, affect-
ing only one-half of the order, and, a few days later, a
further change in the location of a drilling hole was
authorized.

On May 8th, a small number of frames were sent, but
all of their necessary parts had not been forwarded by
the 20th. During the period until July 12th, less than
one-half had been delivered, though frequent requests
for speedy completion of the order appear. On the lat-
ter date, attention was called expressly to the failure
to comply with the provision of the contract requiring
250 a month to be furnished. It was not until after the
16th of July that the plaintiff started to manufacture
the remaining 511. On August 4th, the contract having
been assigned in the meantime to another, as will be
noticed hereafter, the plaintiff was asked by the assignee
to delay completion of the work on hand, and, in the
October following, it attempted to cancel the unfilled

portion of the order. This suit was instituted against the buyer to recover under the original contract, for loss sustained. The defense was based on an alleged novation, and on the ground that a rescission was justified because of the unreasonable delay in the making of deliveries. From the judgment entered upon the verdict for plaintiff, this appeal was taken.

Errors in the admission and refusal of testimony, in answers to certain points submitted by the respective parties, and to portions of the charge of the court, are averred. Three questions are suggested which require consideration. Was there a novation, and a release of the defendant by the assignment of the contract to the Atlas Truck Corporation, under the circumstances appearing? If there was no discharge of liability worked thereby, did the evidence disclose such a breach of the contract by the seller, in delaying delivery, as to justify a rescission? If defendant remained responsible for the loss sustained, was the proper measure of damages applied? The answer to all of these queries involved a consideration of facts for the jury, but, it is contended, certain trial errors appear which render necessary the granting of a new hearing.

The facts relied upon to establish the novation are briefly as follows: On May 15, 1920, the buyer, the present defendant, transferred its truck business to the Atlas Truck Corporation. Of this action, the plaintiff was promptly notified, and requested to signify its formal assent to the assignment. This was declined, unless performance by the assignee was guaranteed, which defendant agreed to, upon condition that the liability should continue until such time as the new corporation furnished a satisfactory financial statement. The latter was sent on June 29th, and, on its face, showed a large excess of assets over liabilities, and no dissatisfaction with it on this score, or any other, was thereafter made by the seller. From June 1st, all correspondence, with reference to the manufacture of the trucks,

was had with the assignee, and continued to the time of bringing this suit. The completed frames were delivered to it, and its checks were issued in payment. From proof of these facts, the jury was asked to find a substitution of the Truck Corporation for the Martin-Parry Corporation, thus relieving the latter from liability in the present proceeding.

The burden is upon one who alleges a novation, to establish it by proper proof, and, in the absence of an agreement that the original obligation be extinguished, and a new one substituted, the original debtor is not released: Jones v. Commonwealth Casualty Co., 255 Pa. 566. Consent to the change in parties must be shown (Wright v. Hanna, 210 Pa. 349; McCartney v. Kipp, 171 Pa. 644), but "may be established by circumstances showing such assent, as well as by expressed words": 3 Williston on Contracts 3208. The applicable rule has been thus stated: "Doubtless parties to bilateral contracts frequently attempt to effect the substitution of the liability of a new party for that of one of the original parties, and frequently call such an attempted transaction an assignment. By whatever name the parties may call the transaction, if it is made clear that the so-called assignor intends by the transaction to be free from all further liability, it seems that acceptance, by the other party to the contract, of any subsequent performance from the so-called assignee, would amount to assent to a proposed novation, and the so-called assignor would be discharged from further liability": 1 Williston on Contracts 783.

The correctness of this legal contention was recognized by the learned court below, but the manner of its presentation to the jury is complained of, in that an undue burden of proof was placed on the defendant. It were instructed that, before the evidence offered could have the effect of establishing a novation, the circumstances and facts must show "that the inevitable business conclusion could be no other than [that] it [plain-

tiff] had substituted" the assignee for the contractor by consent, and "inevitably [led] to the conclusion that it considered the contract as changed." All that was required of defendant was to establish the disputed fact by the weight of the testimony. At another point, not in connection with the discussion of the relevant evidence, such a declaration appears, but we cannot say that the result may not have been affected by the repeated misstatement referred to: Benjamin v. Colonial Hotel Co., 268 Pa. 459.

In the opinion overruling the motion for a new trial it is suggested that there is doubt as to the legal sufficiency of the evidence to prove a novation, and attention is called to the fact that there was a close relation between the old and new corporations, as shown by the manner of conducting the business, but this, in itself, was not sufficient to establish any fraud, or render the contract between them invalid. It was a fact to be considered, with all the other circumstances, by the jury, under proper instructions: South Side Trust Co. v. Washington Tin Plate Co., 252 Pa. 237.

Plaintiff insists the evidence established no more than an assignment of the contract, and not a novation releasing the assignor from further liability, and to establish which, consent to the change, either express or implied, must be proved. If an assignment, the rights of the creditor remain, for a debtor cannot relieve himself from an undertaking by a mere transfer of his agreement to another, though he may have an action over against the assignee, if compelled to make payments which the latter was bound to liquidate: Blue Star Nav. Co. v. Emmons C. M. Co., 276 Pa. 352; Washington N. Gas Co. v. Johnson, 123 Pa. 576; Earon v. Mackey, 106 Pa. 452. Though this liability of the buyer continues, unless released by novation, yet he is responsible only for the obligation which he contracted to assume, and the assignee cannot, without his knowledge, increase the burden by new promises to the seller. "When a contract

has been absolutely assigned, and a subsequent variation is made with the assignee alone, it cannot be held to be the assignor's contract, because he neither reaps its benefits nor shares its responsibilities": Litchfield v. Garratt, 10 Mich. 426, 431; cf. Robbins v. Robinson, 176 Pa. 341.

In the present case, one of the defenses, to be later considered, rested on the failure to deliver the frames within a reasonable time. To support the contention that this requirement had been waived, a letter of the Atlas Truck Corporation, the assignee, dated August 4, 1920, in which it asked for temporary delay, was introduced, against objection. At that time, the jury could have found from the evidence that the seller was in default, and a rescission by the buyer, or its assignee, justified. The correspondence indicated a waiver, of which the assignor had no knowledge, and no offer was made to show that it had notice. The assignee renewed a claim to which there was a defense, and it could not increase the liability, in so far as the defendant was concerned, without the knowledge of the one proposed to be bound. It would be just as reasonable to say that a supplemental agreement by the substituted buyer to pay a largely increased price would bind the assignor, without consent, express or implied. In the absence of an offer to show the defendant knew of the waiver, indicated by the letter referred to, its admission should have been refused.

Defendant further insists plaintiff, the seller, cannot recover because of its delay in compliance with the terms of the contract. As already stated, the original contract called for monthly shipments of 250 frames, commencing in February. The necessity for prompt and regular supply, because of the intended use of the article purchased, is evident, and time was of the essence of the contract: Heller's Est., 6 Pa. Superior Ct. 246. This requirement may, of course, be waived, and, where delay becomes necessary by change of plans, as here, delivery is ex-

cused if the seller performs his obligation within a reasonable time after the modification is made: Lilly v. Person, 168 Pa, 219.  He must proceed, however, as soon as practicable (Texter v. Wachs, 73 Pa. Superior Ct. 19), "for the fact that plaintiff was obstructed by defendant in strict performance did not absolve it from further effort to speedily perform.  When the cause for the delay,—the conduct of the defendant,—ceased, the obligation to speedily finish was at once reimposed with all its force on plaintiff, and failure then to perform within a reasonable time warrants" a refusal to accept thereafter: Pittsburgh I. & Steel Co. v. National Tube Works, 184 Pa. 251, 261.  If there is a failure to act with due diligence, the one not in default may rescind, and thus be relieved of future liability (Hurt v. Fuller Canneries Co., 269 Pa. 85), unless he surrenders his right to strict performance, a question for the jury to determine under the testimony submitted: Ætna Explosives Co. v. Diamond Alkali Co., 277 Pa. 392; Dunham, Inc., v. Nemitz, 82 Pa. Superior Ct. 382; Bounomo v. Distillers Co., 77 Pa. Superior Ct. 113.  If there has been a waiver, then a reasonable opportunity to carry out the work is allowable, and there can be no cancellation until such time has passed, the proper length being dependent on the facts of each case.  Should an extension be granted from time to time, the contractor must be notified that prompt performance is expected thereafter; otherwise, complaint cannot be made on this ground in a suit to enforce the obligation assumed: Riddle Co. v. Taubel, 277 Pa. 95; Hurt v. Fuller Canneries Co., supra; Hopp v. Bergdoll, 285 Pa. 112.

Plaintiff agreed to furnish the frames at the rate of 250 a month, commencing in February.  This became impossible by reason of the change in specifications on March 1st, but it is evident prompt delivery was still contemplated by the parties, for the promise was made to begin the shipments at the end of that month, or at least in April.  The alteration later requested affected only

one-half of the order, and none had yet been sent. Correspondence indicates continued demands for delivery from May 1st, when the drilling of an additional hole had been authorized, to July 12th, by either the defendant or its assignee, and, on the latter date, attention was specifically called to the fact that the contract requirements had not been fulfilled. Work on the larger portion had not then been commenced. Whether there was undue delay, in view of the limited extensions of time made necessary by the changes, and the evidence showed an insistence on compliance within a reasonable time thereafter, was for the jury.

In submitting this question, the court instructed that time had ceased to be of the essence of the contract, and appellant complains. The statement made, taken in connection with the affirmative answer to the first point of defendant, which set forth correctly the applicable rule, could have done no harm. The rejection of the proposed testimony of the witness Cosgrove (fourth assignment), bearing on the same question, was, however, erroneous. Since it was for the jury to determine whether plaintiff had proceeded within a reasonable time, it was competent to show by one qualified, as proposed, what additional period was required to complete the work, made necessary by reason of the change in plans. The evidence should have been received.

Complaint is also made of the instructions as to damages, it being contended that the jury was allowed to find a verdict for the amount of the cost price and the outlay for storing the unaccepted frames, whereas, it is insisted, plaintiff had claimed for the difference between the sum contracted to be paid and the scrap value at the time of rescission, there being no available market. The seller could recover as stated by the court, if the action was based on such demand (Uniform Sales Act, May 19, 1915, P. L. 543, section 51; Empire State Pickling Co. v. Empire Grocery Co., 235 Mass. 418, 126 N. E. 786; Wood v. American Grocery Co., 96 N. J. L. 218,

114 Atl. 756), or for damages, to be determined by the difference between the selling price and the market value at the time of the breach, with interest.  When a vendee refuses to take the goods purchased, the vendor may either accept the tender of rescission and sue to recover the difference between the contract and market prices at the time and place of delivery, or may refuse to accept it, tender the goods in accordance with the agreement of sale, and recover the difference between the stipulated consideration and the net sum realized by their prompt sale in the nearest available market: Franklin Sugar R. Co. v. Howell, 274 Pa. 190; Franklin Sugar R. Co. v. Lykens Mercantile Co., 274 Pa. 206; Heckman v. Wayne Steel Co., 280 Pa. 540; Rees v. Bowers, 280 Pa. 474.  Whether the demand of plaintiff, as set forth in his pleading, was misunderstood, or not, becomes unimportant here, since a new hearing must be had, and any confusion existing may, in the meantime, be cured by appropriate amendment.

For the various reasons stated, a new trial must be had.

The judgment is reversed and a venire facias de novo awarded.