Decker, Appellant, v. Richard J. Seltzer, Inc. et al.

Argued October 24, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Bernard R. Cohn,* for appellant.

*Thomas P. Mikell,* of *Saul, Ewing, Remick & Saul,* for appellees.

OPINION BY TREXLER, P. J., January 4, 1935:

Action of replevin. The facts material to the present discussion are stated by President Judge SMITH of the lower court: "In September, 1932, the plaintiff, had informed the said landlord that he could not pay the rent and desired to remove from the said premises; that thereupon the landlord entered into an oral agreement with him that if he, the said tenant, would remain in the premises as a tenant that he could pay rent in accordance with his means and ability to pay and that thereafter the landlord accepted from the tenant certain sums less than the amount reserved in the said written lease." We quote further from the opinion, "The alleged oral agreement relied upon by the plaintiff is so vague and indefinite that it does not rise to the status of an agreement. It is also without any consideration. There is no doubt that the amount

of the rent payable under the terms of a written lease may be reduced to a sum certain by a landlord who is moved by considerations advantageous to himself. That amounts to a novation and raises an issue that must go to a jury. Evans, Trustee, v. Lincoln Company, 204 Pa. 448. But those necessary averments are not stated in the reply of this plaintiff. There is no averment of a novation. The averment that the plaintiff might remain in possession and that he could pay rent in accordance with his means and ability to pay would destroy all the rights given to the landlord in the written lease, excepting probably the term of the lease. With the amount of the rental to be paid left to the discretion or honesty of the tenant, the logical outcome would be a free rental to the tenant if he so desired it. There is no definite rental averred. There is also no averment of a consideration for a reduction in rent even though the amount of the reduced rent had been definite and specific. The averments do not rise to the dignity of a contract. In Parish Mfg. Corp. v. Martin-Parry Corp., 285 Pa. 131, Mr. Justice SADLER (p. 136) said: 'The burden is upon one who alleges a novation, to establish it by proper proof, and, in the absence of an agreement that the original obligation be extinguished, and a new one substituted, the original debtor is not released: Jones v. Commonwealth Casualty Co., 255 Pa. 566.' Not being self-supporting, they are not sufficient to defeat the defendant's request for judgment.

"In the case of Eareckson v. Hoyt, 58 Pa. Superior Ct. 531 the facts are very similar to the case at bar. Suit was there brought in assumpsit on a written lease for rent due. The defendant averred in his affidavit that he had an oral agreement with the landlord to pay a reduced amount of rent. HEAD, J. (p. 534) said: 'We have but a frank and simple undertaking, by one party to a written contract, to expunge and obliterate there-

from the provisions affecting its most vital covenants and to substitute therefor others, resting in parol, covering precisely the same subject-matter, and destructive of the obligations solemnly and knowingly inserted in the written instrument. We know of no principle of law or rule of reason that would sanction such an attempt . .. ... ' ' '

The judgment is affirmed.