ESTATE OF ALEX. LAUGHLIN, SR., DECEASED.

APPEAL BY JAS. H. REED FROM THE ORPHANS' COURT OF ALLEGHENY COUNTY.

Argued November 7, 1889—Decided January 6, 1890.

(a) A testator, A. L., set apart his interest in certain land, the estate of his deceased father, with other of his own assets, as a "fund or estate" out of which it was directed that certain legacies were to be paid.

(b) He provided further that if the "fund or estate" should exceed the amount necessary to pay the legacies in full, the surplus should constitute his residuary estate, which he bequeathed to his brother F. B. L.

(c) Subsequently, upon a judgment and execution against F. B. L. the latter's interest in the land of his father was sold at sheriff's sale to Reed, and afterward the land itself was sold by the father's executors, who accounted for the proceeds:

1. In such case, whether the conversion under the will of the father had taken place before the executors' sale or not, the share of A. L., in the fund, was payable to his executor, for the prior discharge of the legacies, and not to Reed, the purchaser of F. B. L.'s interest.

Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

Adjudication.

No. 248 October Term 1889, Sup. Ct.; court below, No. 14 March Term 1888, O. C.

On March 5, 1888, F. B. Laughlin and Hugh Woodside, executors of the will of Alexander Laughlin, Sr., deceased, filed their account embracing the proceeds of real estate of their testator, and showing a balance for distribution of $55,112.55. The account having been confirmed absolutely on March 16th, on May 4th a decree was entered distributing three fifths of the fund to distributees whose claims were undisputed, the remaining two fifths to be held by accountants subject to the further order of the court.

When adjudication was had upon the distribution of these two fifths of the fund, it was made to appear that Alexander Laughlin, Sr., had died in May, 1867 ; that Alexander Laughlin, Jr., who would have received one fifth of the fund, had died in 1878, prior to the sale of the real estate the proceeds of which were accounted for, leaving a will ; that F. B. Laughlin, entitled to the other one fifth, had become involved in 1884, and had confessed a judgment to James H. Reed, as trustee, upon which the interest of F. B. Laughlin in the real estate of Alexander Laughlin, Sr., deceased, had been sold at sheriff's sale and bought in by said Reed, in 1885, prior to the sale of said real estate by the executors of Alexander Laughlin, Sr., deceased, which had taken place in 1886.

On October 8, 1888, HAWKINS, P. J., filed the following adjudication.

FINDINGS OF FACT.

The questions involved in this case grew out of conflicting claims in the proceeds of certain real estate embraced in the account. The material facts are these :

Alexander Laughlin, Sr., died in May, 1867, leaving a will, in which, inter alia, he gave his residuary estate to his executors, " to be divided by them " into five shares, and one each of said shares " distributed " to his sons, Frank B. and Alexander, and empowered said executors " to sell and dispose of any part " of his " real estate, wherever situate, when in their judgment they should find it prudent, and for the best interests of the legatees and. devisees " named in said will. In 1886 said exe-

cutors, by virtue of the discretionary power so given them, sold certain real estate belonging to said residue, and have embraced the proceeds in the present account.

In the meantime (1878) Alexander Laughlin, Jr., died, leaving a will in which, inter alia, he set apart his interest in said real estate, then unsold, along with other individual assets, subject to certain reservations not material to be mentioned here, " as a fund, or estate, out of which " payment in full of certain legacies then specified, amounting to the sum of $58,000, should be made, subject to the proviso, inter alia: " that in case this said fund, or estate, so designated for the payment of the legacies aforesaid, shall prove inadequate or insufficient for the payment of the same in full, then the said respective legatees shall be paid proportionately to the amount devised to each; and in case the said fund or estate shall exceed the amount necessary for the payment of said legacies, said surplus shall constitute my residuary estate." " All the rest and residue " of the estate "not hereinbefore provided for" was given to F. B. Laughlin, who was appointed executor, with power " to make sale or disposition of any or all " testator's property, as he might deem necessary.

On December 6, 1854, J. H. Reed, trustee, obtained judgment against F. B. Laughlin individually. On December 9th, he issued thereon an execution attachment, and had the same served on F. B. Laughlin aforesaid, executor of the will of Alexander Laughlin, Sr., deceased: and on June 20, 1885, he received the sheriff's deed, by virtue of his purchase, at a sale on said judgment, of the interest of said F. B. Laughlin in the real estate aforesaid.

It is conceded that the proceeds of this real estate, embraced in the present account, are required for the " payment in full " of the legacies given by Alexander Laughlin, Jr., deceased, as aforesaid: but it is claimed in behalf of J. H. Reed, trustee, that he is not only entitled to the share devised to F. B. Laughlin from his father, Alexander Laughlin, Sr., deceased, but also that devised from his brother, Alexander Laughlin, Jr., deceased, without deduction, because the lien of said legacies was divested by the sheriff's sale aforesaid.

It is claimed in behalf of said legatees that the legacies were not mere charges or liens upon this land; that F. B. Laughlin

had no beneficial interest or estate in the land in question, which was subject to the lien of a judgment against him personally ; that nothing passed to Mr. Reed by the sheriff's sale, and that the equities arising under the will of Alexander Laughlin, Jr., deceased, can only be adjusted in the settlement of his estate, and consequently his executor must receive the fund for that purpose.

### CONCLUSIONS OF LAW.

There is a strong implication in the will of Alexander Laughlin, Sr., deceased, that he intended an absolute conversion of his estate into personalty. It is given to his executors upon an active trust to be divided into five equal shares and " distributed " by them amongst his children and grandchildren. The share given to his grandchildren is to be again subdivided and " distributed " amongst them. The word " distribute " ordinarily applies to personal estate, and that it was intended to be used in that sense is strengthened by the consideration that the executors were invested with the legal title and a power of sale with a view to make division and distribution. The division into five shares, and the subdivision of one of these into five, could only have been made conveniently of personalty, and it is reasonable to infer contemplated conversion.

It was argued that the power of sale given the executors was discretionary and only operated as a conversion from the date of its exercise. But this power is plainly discretionary only as to the time of its exercise. The executors were empowered, " when in their judgment they should find it prudent or for the best interests of the legatees and devisees." The discretion was legal and its exercise could have been compelled : Erisman v. Poor Directors, 47 Pa. 509. When a discretionary power becomes imperative, it must be regarded as a trust; for, unless it is executed the legatees cannot be paid, and the will is thereby defeated. If there was an equitable conversion, it is conceded that this fund must be awarded to the executors of the will of Alexander Laughlin, Jr., deceased.

But assuming that conversion under the will of Alexander Laughlin, Sr., deceased, did not take place until the date of the exercise of the power of sale, the will of Alexander Laughlin, Jr., deceased, presents an insuperable obstacle to the claim of Mr. Reed. The manifest intention there was to give certain specified legatees an interest, as distinguished from a lien, in his in-

dividual property. He expressly "sets apart or designates" that property as a "fund, or estate, out of which" their "payment in full" should be made. It is not given to F. B. Laughlin individually, subject to the payment of the legacies: his beneficial interest is expressly limited to the "excess" after "payment in full" of these legacies: Craighead v. Given, 10 S. & R. 351; Smith's App., 103 Pa. 559; Page v. Leaping-well, 18 Ves. 463. The will made it his duty, as executor, to pay them, and with that view invested him with discretionary power of sale of his realty included in the "fund or estate" "set apart or designated" for the purpose of payment. When this discretionary power became imperative, as it is conceded it did here, it became a trust, for unless executed the legatees could not be paid: Lindley's App., supra. If the sale had not become necessary, F. B. Laughlin, being beneficially entitled to the "excess" need not have exercised the discretionary power. The testator could have had no other purpose.

Without, therefore, the exercise of the discretionary power given by Alexander Laughlin, Sr., deceased, this real estate must have been sold; and, so far as the parties claimant here are concerned, conversion may be treated as having been made under the will of Alexander Laughlin, Jr., deceased, and relating back, by operation of law, to the time when the necessity for conversion arose. It must be assumed, in the absence of evidence to the contrary, that this necessity existed when Alexander Laughlin, Jr., died.

The appropriate proceeding for the adjustment of the equities of those interested in this fund, is in the settlement of the estate of Alexander Laughlin, Jr., deceased. The legal title of the land until sold, and its proceeds since, has been in the executors of Alexander Laughlin, Sr., deceased. It is now, when the time for distribution has arrived, in fact personal estate. It has only now become an available asset of the estate of Alexander Laughlin, Jr., deceased. So far as appears, it may be required for the payment of his debts, if such there be. In any event, upon the settlement of that estate, all parties interested, whether creditors or legatees, will have their day in court, and can raise the same questions as have been raised here. The fund here for distribution is, in fact, now part of the estate of Alexander Laughlin, Sr., deceased, and will be payable as part

of the assets of Alexander Laughlin, Jr., deceased. The contestants here claim through the estate of Alexander Laughlin, Jr., deceased, and must look to the settlement of that estate for the final adjustment.

A decree was then reported awarding $11,020.81, the one fifth of the fund originally for distribution, less costs, to James H. Reed, trustee, and the other one fifth, to wit, $11,020.81, to F. B. Laughlin, executor of Alexander Laughlin, Jr., deceased, upon his giving security on account of his late assignment for the benefit of his creditors.[1]

Thereupon, James H. Reed, trustee, filed exceptions alleging that the auditing judge erred: 1. In making said decree.[1] 2. In not awarding to said trustee the whole of said fund.[2] 3. In awarding $11,020.81 of said fund to F. B. Laughlin, executor of A. Laughlin, Jr., and in not awarding said sum to said trustee.[3]

Said exceptions having been dismissed on argument before the court in banc, without opinion filed, and the final decree entered as adjudicated, James H. Reed, trustee, took this appeal, specifying that the court erred in overruling the said several exceptions.[1 to 3]

*Mr. John S. Ferguson* (with him *Mr. James H. Reed* and *Mr. Phil. C. Knox*), for the appellant.

Upon the question of conversion by the will of Alexander Laughlin, Sr., counsel cited: 1 Jarman on Wills, 589; Page's Est., 75 Pa. 87; Anewalt's App., 42 Pa. 414; Chew v. Nicklin, 45 Pa. 84; Bleight v. M. & M. Bank, 10 Pa. 131; Stoner v. Zimmerman, 21 Pa. 394; Edwards's App., 47 Pa. 153.

*Mr. William Scott* (with him *Mr. John Dalzell* and *Mr. Geo. B. Gordon*), for the appellee.

Counsel submitted, in addition to the cases cited in the adjudication: Alexander v. McMurry, 8 W. 504; Steel v. Henry, 9 W. 523.

PER CURIAM:

We affirm this decree upon the opinion of the learned judge of the Orphans' Court.

The decree is affirmed, and the appeal dismissed, at the costs of the appellant.