# Putnam Machine Company, Appellant, *v.* David S. Cann and George E. Saul, Trading as Cann & Saul.

*Contract—Statute of frauds—Agreement to answer for debt of another—Act of April 26, 1855.*

In an action by a corporation against a partnership to recover for goods sold to another corporation, plaintiff in its statement averred that " the defendants promised and agreed that the plaintiff should have its account for the goods that were to be sold to the Penn Elevator Engineering Company under said contract guaranteed " by the said defendants and that they, the said defendants, would ship on demand to the plaintiff goods to the amount guaranteed, and thus protect plaintiff from any loss which it might suffer by reason of the insolvency or failure by the said Penn Engineering Elevator Company; and that the goods for which suit is brought were sold to said company under said agreement, and that said company is insolvent. *Held*, that the contract as laid in the statement was virtually an agreement to answer for the debt or default of another, and not being in writing, it came within the letter as well as the spirit of the act of April 26, 1855, P. L. 309, and was void.

Argued Jan. 17, 1896. Appeal, No. 42, July T., 1895, by plaintiff, from judgment of C. P. No. 1, Phila. Co., March T., 1895, No. 293, for defendant on demurrer. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on a contract of guaranty.

Plaintiff in its statement averred that it had sold goods to the Penn Elevator Engineering Company under two written contracts, and that there was due to it upon these contracts $1,329.60. The statement of claim continued as follows :

The plaintiff avers that at the times the said contracts were made, to wit: On January 18, 1894, and February 27, 1894, the said David S. Cann and George E. Saul, copartners, trading as Cann & Saul, who are the defendants in this suit, promised and agreed with the plaintiff that the plaintiff should have its account for the goods which were to be sold to the Penn Elevator Engineering Company under the above-mentioned contract guaranteed by the said Cann & Saul to the extent of $1,000 on the first-mentioned contract and $1,500 on the last mentioned contract, and that they, the said Cann & Saul, would ship on demand to the said Putnam Machine Company, steel and files to the amount of the said $2,500, and thus protect the plaintiff from any loss which it might suffer by reason of the insolvency or failure of the said Penn Elevator Engineering Company. The said David S. Cann and George E. Saul were both stockholders of the said Penn Elevator Engineering Company, and the said Saul was a director, and the said Cann was the treasurer of the said company, and it was a part of the consideration for the promise and agreement above set forth, that the plaintiff was to ship the goods mentioned to the said corporation in which the said Cann and Saul were heavily interested.

The plaintiff avers that acting upon the promises and agreements of the said defendants, it shipped the goods above mentioned to the Penn Elevator Engineering Company, and that its account for the same amounted to $4,671.44.

Afterwards the said Cann & Saul shipped to the plaintiff, upon their contract above mentioned, goods to the amount of $1,170.40.

That afterwards the said Penn Elevator Engineering Company became insolvent, and the plaintiff obtained a judgment against them for $3,630, on December 18, 1894, in C. C. P. No. 3, December term, 1894, No. 333, and issued an execution upon the said judgment, but could realize nothing upon the same, as the assets of the Penn Elevator Engineering Company were absorbed at sheriff's sale upon a prior judgment entered against them.

The plaintiff avers that it has made demand upon the defendants to deliver to it steel and files for the balance of $1,329.60 due under their contract, and has sent them written orders for the goods agreed upon, but the defendants have failed and re-

fused to ship it any goods, or to pay the claim, and the plaintiff has therefore suffered damages to the amount of $1,329.60.

Defendants demurred to plaintiff's statement on the ground that the agreement referred to in the statement was a contract of guaranty, not in writing, and void under the act of April 26, 1855, P. L. 309.    The court entered judgment for defendants upon the demurrer.

*Error assigned* was entry of judgment as above.

*Samuel W. Cooper*, for appellant.—The contract was not within the statute of frauds: Lobb v. Stanley, 5 Q. B. 574; Johnson v. Dodgson, 2 M. & W. 653; Propert v. Parker, 1 Rus. & Myl. 625; Paul v. Stackhouse, 38 Pa. 302; Browne on Statute of Frauds, 5th ed. sec. 164, 194, 212; Morris v. Hoover, 3 Ohio, 56; Leonard v. Vredenberg, 8 Johnson (N. Y.), 29; Tarbell v. Stevens, 7 Clarke, 163; Emerson v. Slater, 22 Howard, 28; Nelson v. Boynton, 3 Metcalf, 400; Leonard v. Vredenberg, 8 Johnson's Ch. 39; Farley v. Cleveland, 4 Cowen, 432; Alger v. Schofield, 1 Gray, 391; Castling v. Auber, 2 East, 325; 2 Parsons on Contract, 306; Davis v. Patrick, 141 U. S. 479; Malone v. Keener, 44 Pa. 107; Nugent v. Wolfe, 111 Pa. 471; Elkin v. Timlin, 151 Pa. 491; Close v. Zell, 141 Pa. 390; Dougherty v. Bash, 167 Pa. 429.

*Julius C. Levi*, for appellees.—Defendants' undertaking was within the act of 1855: Maule v. Bucknell, 50 Pa. 39; Dougherty v. Bash, 167 Pa. 429; Emerson v. Slater, 22 Howard (U. S.), 28; Davis v. Patrick, 141 U. S. 479; Burkmyr v. Darnell, 1 Smith's Leading Cases, 555; 1 Reed on Statute of Frauds, 31; Bugbee v. Kendricken, 130 Mass. 437; Mizner v. Spier, 96 Pa. 533; Snevily v. Johnston, 1 W. & S. 307.

PER CURIAM, January 27, 1896:

So far as appears in the statement of claim, the alleged contract of the defendants with the plaintiff company was a secondary or collateral agreement as contradistinguished from a primary or original undertaking.    It is virtually an agreement to answer for the debt or default of the Penn Elevator Engineering Company; and, not being in writing, it comes within the letter as

well as the spirit of the act of April 26, 1855, P. L. 309. There was therefore no error in entering judgment for the defendants on the demurrer to plaintiff's statement.

Judgment affirmed.