## Mechanics' National Bank of Burlington v. Kielkopf, Appellant.

*Promissory notes—Acceptance of second note—Presumption—Collateral security—Payment—Evidence.*

When a creditor receives from his debtor the note or check of the latter, or of a third person, on account of the pre-existing debt, such note or check is only collateral to the original indebtedness. It is taken not as absolute but as conditional payment; and the debt will be extinguished only if the collateral obligation be paid. This presumption, however, may be rebutted by proof that the parties intended absolute payment thereby, and the burden of proof is on the party alleging such intention.

It is not material from which of the parties to the original note the collateral security is received. Maker and indorsers are alike debtors to the holder. As against him, absolute payment by any debtor discharges all, while conditional payment by any leaves the note in force against all upon nonpayment of the collateral.

Argued Dec. 10, 1902. Appeal, No. 164, Oct. T., 1902, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1900, No. 747, on verdict for plaintiff in case of Mechanics' National Bank of Burlington v. John W. Kielkopf. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on a promissory note. Before AUDENRIED, J.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $550. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*John Wilson,* with him *Maxwell Stevenson,* for appellant.—The defendant contends that the learned court erred in pronouncing as a matter of law that the $50.00 in cash and the new note, under all the circumstances of the case, were given as collateral and not in payment: Hart v. Boller, 15 S. & R. 162; Cake v. First Nat. Bank of Lebanon, 86 Pa. 303; Weakly v. Bell & Sterling, 9 Watts, 273; Brown v. Scott, 51 Pa. 357.

*Francis S. Cantrell, Jr.,* with him *Francis S. Cantrell* for ap-

pellee.—In the absence of any special agreement to the contrary, the mere acceptance by a creditor from his debtor of a check of a third person to the creditor's order for a pre-existing indebtedness is not an absolute but a conditional payment, and the burden of proving such special agreement is on the debtor : Holmes v. Briggs, 131 Pa. 233 ; Collins v. Busch, 191 Pa. 549.

OPINION BY SMITH, J., January 20, 1903 :

The defendant's promissory note for $500, at four months, to the order of the United Produce Company, indorsed by the payee and by D. H. Mitchell, was discounted by the plaintiff bank. The presumption of law is that the note was transferred before maturity ; the evidence on the subject indicated that such was the fact, and there was no evidence to the contrary. If there was any defense arising from the equities between the parties to the note, it was unknown to the plaintiff. Prima facie, therefore, the plaintiff was entitled to recover.

When the note matured, the bank received from the indorser Mitchell $50.00 in cash and the note of the produce company for $450, at four months, to the order of Mitchell and by him indorsed. There were two renewals of this note, before this action was brought, but no payment, and the bank meantime held the original note given by the defendant. The defendant contends that this was a payment of his note, and whether it was so is the only question to be determined here.

It is settled, by a long and unquestioned line of authorities, that when a creditor receives from his debtor the note or check of the latter, or of a third person, on account of the pre-existing debt, such note or check is only collateral to the original indebtedness ; that it is taken not as absolute but as conditional payment ; and that the debt will be extinguished only if the collateral obligation be paid. This presumption, however, may be rebutted by proof that the parties intended absolute payment thereby, and the burden of proof is on the party alleging such intention. " The mere acceptance, from a debtor, of his own note or the note of a third person, in case of an antecedent indebtedness, is not a payment of the indebtedness. In the absence of a special agreement, it must be considered as a conditional payment or as collateral security.

The debtor continues liable for his own debt in the event of a failure of payment of the note thus given : " Hunter v. Moul, 98 Pa. 13. " It is well settled that, in the absence of an agreement to the contrary, a check or promissory note, of either the debtor or a third person, received for a debt, is merely conditional payment ; that is, satisfaction of the debt if and when paid : " Kilpatrick v. Home Bldg. & Loan Assn., 119 Pa. 30. " Nothing is better settled than that, in the absence of a special agreement to the contrary, the mere acceptance, by a creditor from his debtor, of the note or check of a third person, to the creditor's order, for a pre-existing indebtedness, is not absolute but merely conditional payment, defeasible on the dishonor or nonpayment of the note or check : " Holmes v. Briggs, 131 Pa. 233. It is needless to multiply authorities further.

It is not material from which of the parties to the original note the collateral security is received. Maker and indorsers are alike debtors to the holder. As against him, absolute payment by any debtor discharges all, while conditional payment by any leaves the note in force against all upon nonpayment of the collateral.

The principle that the intention of the parties, in such cases, is to be determined by the jury, has no application here. When nothing appears to the contrary, the law presumes the intention to make conditional payment. When there is no evidence of a contrary intent, there is no question to submit to the jury. In the case before us, not only is there no evidence to rebut the presumption of conditional payment, but such evidence as there is on this subject sustains it. It appears from the testimony of the officers of the bank, that the practice of the bank, in such cases, is to retain the original note when a collateral security is received, and that, in the present case, the $50.00 and the collateral note were received under an agreement to refund this money if the bank collected the original note from the maker. This is all the evidence bearing on the intention with which the collateral was received, and it presents no question for a jury. Thus the direction by the trial judge of a verdict for the plaintiff was fully justified. No other instruction was warranted by the evidence.

Judgment affirmed.