# Mutual Trust Company *v.* Stern, Appellant.

*Promissory notes—Agreement as to extension—Affidavit of defense—Banks and banking.*

1. In an action upon a promissory note, an affidavit of defense is insufficient which sets up a violation by the plaintiff, a trust company, of an agreement to renew the note, without any averment that the plaintiff's executive officer, who was alleged to have made the agreement had any authority to do so.

2. The discounting of commercial. paper is a function of the directors of the bank and cannot be delegated to a single officer.

3. In an action by a trust company on a promissory note, which the company had discounted, and the proceeds of which discount the defendant had received, the defendant cannot set up as a defense that the plaintiff had exceeded its corporate powers in doing a banking business, and discounting the note in suit.

4. In an action on a promissory note where the affidavit of defense sets up that the defendant was not liable for protest fees as there was no endorser on the note, and the plaintiff then withdraws this item, the matter is de minimis the court may enter judgment against the defendant, if it finds that the affidavit of defense is otherwise insufficient.

Argued Jan. 12, 1912. Appeal, No. 272, Jan. T., 1911, by defendant from order of C. P. No. 1, Phila. Co., June T, 1911, No. 5587, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Mutual Trust Company v. Bernard Stern. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a promissory note. Before BREGY, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

In addition to the averments of the affidavit of defense set forth in the opinion of the Supreme Court, there were, inter alia, the following averments:

"*Defendant is advised and believes that in no case*

can he be held liable for the protest fees of this note, inasmuch as there was no endorser other than the maker and the protesting of said note was an unnecessary expense and charge to the defendant. * * * *

"The defendant is advised that the action of the plaintiff in discounting the defendant's note as aforesaid was in direct and distinct violation of the Constitution and laws of this Commonwealth; and that said plaintiff company is prohibited by the law from doing a banking business; and that the discounting of the note in suit was against public policy and that the contract, in pursuance of which this note was discounted by the plaintiff, was also against public policy, and that the plaintiff cannot in law recover upon the note so discounted in accordance with this agreement even if the defendant had not the legitimate and equitable defence herein set forth."

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*A. S. Ashbridge, Jr.,* for appellant.

*Charles H. Edmunds,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, February 26, 1912:

This is an action of assumpsit brought on a promissory note made by the defendant, payable to himself, and by him endorsed and delivered to the plaintiff company. The defendant filed an affidavit in which he sets up two defenses: (a) the plaintiff company violated a contemporaneous parol agreement for the further discounting of his paper, and (b) it was acting beyond its corporate powers in discounting the note in suit.

The learned court below held the affidavit insufficient and entered judgment against the defendant for

want of a sufficient affidavit of defense. The affidavit avers that the plaintiff, through its executive officer, entered into an oral agreement to discount the defendant's note for $2,000 and to discount the notes of other persons; and that it was agreed between the plaintiff and the defendant that any notes so discounted should be from time to time renewed as they matured by payment of five per cent. on the face value of the notes by giving a new note for the balance. This averment is insufficient to prevent judgment. The note in suit was discounted by the board of directors, the authority duly authorized to make the discount. Prima facie the plaintiff's executive officer, alleged to have made the oral contract to renew and further discount the defendant's paper, had no authority to make the contract, and there is no averment in the affidavit of defense that he had such authority. The discounting of commercial paper is a function of the directors of a bank and cannot be delegated to a single officer: Bank of United States v. Dunn, 31 U. S. 51, Stewart v. Huntingdon Bank, 11 S. & R. 267. The averment that the plaintiff agreed to extend the time of payment and renew the discounted notes is insufficient in not stating with whom the agreement was made, or that the party who made the alleged agreement was invested with the authority by the bank to make it. It is not sufficient for the defendant to aver generally an agreement between him and the plaintiff corporation to renew the paper. He must set out the facts so that the court, and not he, may determine the existence of the agreement.

The defense of ultra vires to the note in suit cannot be sustained. It is rather singular that it should be interposed under the facts of this case to defeat a recovery on the note. The defendant received the money and has applied it to his own use. He now alleges that the plaintiff company had no authority to make the loan in suit, and avers the wholly inconsistent defense that in pursuance of its agreement the company must

continue to exercise powers which it does not possess by renewing the note in suit and making additional loans aggregating four thousand dollars. If the plaintiff had no authority to discount the note in suit, it clearly cannot renew the note or grant an additional loan. Aside from this consideration, however, the defendant having received the money on the discounted note is not in a position to question the authority of the plaintiff to make the loan or to discount the paper. The defendant has received the benefit of the contract, and he cannot now deny the authority of the plaintiff to make it. Having the proceeds of the note in his pocket, neither the law nor common honesty will permit the defendant to avail himself of the plea of ultra vires. In National Bank v. Matthews, 98 United States 621, Mr. Justice SWAYNE announcing the uniformly accepted doctrine on this subject says (p. 629) : "Where it is a simple question of authority to contract, arising either on a question of regularity of organization or of power conferred by the charter, a party who has had the benefit of the agreement cannot be permitted in an action founded upon it to question its validity. It would be in the highest degree inequitable and unjust to permit a defendant to repudiate a contract, the benefit of which he retains." Under the facts of this case, the state, and not a private party dealing with the company, may call the latter to account for exceeding its corporate powers.

The matter of the protest fees is de minimis. The plaintiff having withdrawn in the court below the small item from its claim, it was eliminated from the claim and, hence, the rule was properly taken for judgmen for want of a sufficient affidavit of defense. The averment of damages sustained by the defendant by reason of the alleged misconduct of the plaintiff is too general and indefinite to require consideration.

The judgment is affirmed.