## First National Bank of Middleburg v. Rotz.

*Execution—Question as to validity of judgment—Rule to set aside judgment on which execution was issued—Act of July 9, 1897.*

1. A person who files a petition under the Act of July 9, 1897, P. L. 237, for a rule to set aside the confessed judgment on which an execution was issued, must establish by competent evidence the fact that he is a creditor of the defendant in the execution.

2. In such case, the petitioner's *ex parte* affidavit made to his petition for the rule is not sufficient.

*Promissory notes—Collateral security—Consideration.*

3. Where the maker of two notes gives to a bank a note aggregating the amount of the two notes, and the bank pays the amount of the two notes to the payee of the same, the note given to the bank is a collateral note based upon a valid consideration.

Rule to show cause why judgment should not be set aside. C. P. Snyder Co., Oct. T., 1924, No. 46.

*Charles P. Ulrich,* for rule; *Jay G. Weiser,* contra.

POTTER, P. J., Jan. 9, 1925.—From the records, exhibits and testimony in this case we gather that, early in the present year, James W. Follmer had loaned to this defendant various sums of money, aggregating the sum of $800. Follmer needed this money and Rotz was unable to repay him. Rotz then gave his two notes, one for $200 and the other for $600. Follmer bailed these two notes and they were discounted by the First National Bank of Middleburg, and Follmer got the proceeds of them. They were held by this bank for some time, when Rotz gave his note to this bank for $818, payable on demand. Demand was made for payment and Rotz failed to pay, when execution was issued and his personal property was levied upon by the Sheriff of Snyder County, sale was held and the proceeds of this sale are now in controversy. The note for $818 was made up of the debt of $800 and $18 interest then due, and appears to have been given by Rotz as collateral security for the two notes of $600, $200 and $18 interest.

Interpleader proceedings were then instituted by one J. Frank Greegor, who claims to be a creditor of Rotz, which were subsequently withdrawn.

Greegor then presented his petition under the Act of July 9, 1897, P. L. 237, asking for a rule on the First National Bank, plaintiff, requiring them to show cause why their judgment of $818 against Rotz should not be set aside and decreed invalid, he having also issued execution against Rotz on a note held by him of $275, subsequent to that of the bank, and it is this rule we have before us for disposition.

The personal property of Rotz, we are informed, was sold for the sum of $566.36, and this fund is in the hands of the sheriff, awaiting the outcome of this litigation. If the judgment of the bank is sustained, this fund will be applied toward their claim of $818 against Rotz. If it is declared invalid, then Greegor's claim of $275 will be paid in full. The question before us, therefore, is, is the note of $818 held by the said bank against Rotz valid or invalid?

Greegor claims to be a creditor of Rotz in the sum of $275. He says so in his petition for the rule, but we have no testimony whatever going to establish this fact. Testimony was taken in open court, and this, we think, is a vital matter in this case. Yet, when we took the testimony, Greegor was not here to show by competent testimony that he has a legal standing as a creditor to contest the validity of this judgment. His *ex parte* affidavit made to

his petition for the rule we do not consider sufficient. He should have been here to submit himself to cross-examination, if desired, as to the manner in which he claimed to be a creditor. Or, in other words, he has not proven himself to be a creditor of Rotz, without which he can have no legal standing in this contention.

It is set up that the bank is a holder without value, for no consideration, or that the bank had given nothing for the note of $818. We cannot so regard it. The bank had paid $800 in liquidation of the debt Rotz owed Follmer. Value was given, secured by a note of $200 and another of $600, which the bank had actually paid out, for which the note of $818 was given as collateral security. This transaction is not as in the case of Carpenter v. National Bank of the Republic, 106 Pa. 170, cited to us by counsel for the rule. In that case the note was pledged to a third party to secure a debt of the maker, entirely separate and independent from the transaction between the maker and the payee. He pledged the note for a purpose entirely foreign to the transaction and to a party who had no interest whatever in the giving of the note. This is not the situation in the case at bar, and the case cited, we think, is not applicable as a *dictum* to be herein followed. Then the case of Smith v. Hine, 179 Pa. 260, is also cited to sustain the rule. This, again, is a case where the note had come into the hands of a third party for an antecedent debt. Not at all like the case before us, where there is no third party. The case of Munn v. McDonald, 10 Watts, 270, is also cited for the rule. This case plainly sustains the position of the bank, from which we quote the following: "The use of the term collateral security, when a debtor transfers to his creditor an article of value or an evidence of debt, is intended to express that it is not received in payment of the principal debt, and that it is not an additional right to which the creditor is absolutely entitled. It is merely a concurrent security for another debt, *whether antecedent or newly created,* and is designed to increase the means of the creditor to realize the principal debt which it is given to secure. It is subsidiary to the principal debt—running parallel with it—collateral to it—and, when collected, is to go to the credit of the principal debt; or if the principal debt be paid off, the debtor is entitled to a restoration of the collateral security."

From the cases cited we are inclined to the belief that counsel for the rule has overlooked the fact that in the case at bar there are no third parties. Rotz is the maker and the bank is the payee; therefore, all the cases where third parties are concerned, of an innocent holder for value, want of consideration as relates to third parties, the note given for an antecedent debt and falling into the hands of a third party, do not apply. We have very carefully examined the cases cited by the respected and learned counsel for the rule, but we fail to see how they are applicable to the case at bar.

There is no doubt but that the $818 note given by Rotz to the bank was collateral to the $200 note and the $600 note, to which the interest due and unpaid, of $18, was added, and when a creditor receives from his debtor the note or check of the latter, or of a third person, on account of the pre-existing debt, such note or check is only collateral to the original debt; it was not taken as absolute but as conditional payment, and the debt will be extinguished only if the collateral obligation be paid: Mechanics' National Bank v. Keilkopf, 22 Pa. Superior Ct. 128; North Penn Iron Co. v. New Jersey Bridge Co., 35 Pa. Superior Ct. 84.

And this is the state of the transaction before us. Rotz gave his note to the bank in payment of a debt he had owed Follmer, which was paid by the bank to Follmer for Rotz, and when this collateral note is paid, the two notes for

which it was given as collateral security are paid. We think this is elementary law. The note of $818 was not accepted in discharge of the other two notes for which it was given, and we have no evidence tending to show that it was. We do, however, have evidence tending to show that it was given to secure them, which means that it was given as collateral, and we so regard it. We fail to find any testimony in this case tending to show that the $818 note was given for any certain purpose; in the absence of which, it must be treated as collateral: American Engraving and Printing Co. *v.* Deichler, 23 Dist. R. 608.

And the debt due from Rotz to Follmer, for which this note was given to the bank, cannot be said to be without consideration: Pisgah Lumber Co. *v.* C. Horn Co., 26 Dist. R. 10.

In the light shed upon this question by the authorities herein cited, as well as our own views herein expressed, we fail to see how the want of consideration can be set up. We are clearly of the opinion that this note can be given as collateral for a pre-existing debt.

The burden lies upon the petitioner to prove the invalidity of this note, and we do not think he has met that burden with the measure of proof required of him, and we further think he has failed to establish his legal standing to contest in this proceeding.

We must, therefore, discharge the rule and award the funds in the sheriff's hands to the plaintiff named in these proceedings in payment of its obligation held by it against Rotz, or as far as the funds will go towards that purpose.

And now, to wit, Jan. 9, 1925, in accordance with the views herein expressed, the rule is discharged.