446   COMMONWEALTH *v.* GUTELIUS et al., Aplnts. (No.2).

Syllabus—Opinion of the Court.        [287 Pa.

# Commonwealth *v.* Gutelius et al., Appellants (No. 2).

*Public officers—Tax collector—Bond — Duplicates — Recital of years of service.*

The sureties on a bond of a tax collector to secure accounting for taxes collected in 1922, are not relieved from liability because the bond mistakenly recited that the collector was chosen for the years 1921 and 1922, where the judgment obtained against him was for the taxes uncollected and unpaid for 1922 alone.

Argued October 4, 1926.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 90, March T., 1926, by defendants, from judgment of C. P. Cambria Co., March T., 1925, No. 820, for plaintiff n. o. v., in case of Commonwealth v. T. O. Gutelius et al.   Affirmed.

Assumpsit on tax collector's bond.   Before EVANS, P. J.

The opinion of the Supreme Court states the facts.

Verdict for defendants on which judgment was entered for plaintiff for $25,000 n. o. v.   Defendants appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Frank P. Barnhart,* for appellants.

*P. J. Little,* with him *L. S. Jones,* for appellee.

OPINION BY MR. JUSTICE SADLER, November 22, 1926:

Most of the questions raised on this appeal have been discussed and answered in the opinion filed in the preceding case.   The bond in this instance was signed by

COMMONWEALTH *v.* GUTELIUS et al., Aplnts. (No. 2). 447

1926.]              . Opinion of the Court.

Gutelius for the year 1922, and by the sureties, the present defendants, in blank. According to the testimony of plaintiff, the bond was not accepted because incomplete, but was filled up and returned to the principal for proper execution, and was later returned to the treasurer's office by mail. The collector testified that the blanks were filled in by the office cashier after the signatures had been affixed, and the latter version must be accepted in view of the finding of a verdict for defendants by agreement of the parties, subject to a reservation of the right to recover, subsequently decided in favor of the county.

Admittedly, the sureties signed the printed form in blank, and the necessary insertions were made by the collector, or the cashier in the treasurer's department, so as to conform with the intention of the obligors, except that in the recital of the appointment of Gutelius, it is stated that he was chosen for the years 1921 and 1922. The purpose was to secure the payment of the taxes for the year 1922, and the judgment obtained against the principal was for taxes collected and unpaid for that period alone. Without considering the authority of the clerk to make an alteration, which would affect the rights of the obligee (Lehigh Valley Nat. Bank v. Rapp, 286 Pa. 29), or whether he acted on behalf of Gutelius, who had implied authority to make the bond conform to the purpose for which it was executed by the sureties, we can see no such harm to them, by the superfluous reference to the year 1921, as would relieve from liability, when imposed solely for the defalcation of 1922, for which they voluntarily undertook to indemnify the county. The authorities cited in the previous case referred to, justify this conclusion, and need not be repeated here.

The judgment is affirmed.