## Rapp et al. *v.* Snyder, Appellant.

*Principal and guaranty—Guaranty—Promise to pay debt of another—Written memorandum—Act of April 26, 1855, P. L. 308.*

1. Under section 1 of the Act of April 26, 1855, P. L. 308, a defendant is not liable upon his promise to answer for the debt or default of another, unless his agreement so to do, or some note or memorandum thereof is in a writing, signed by him or some other person authorized by him.

2. In the absence of such a signed writing, recovery cannot be had upon the promise of a defendant that, if plaintiffs will endorse a note for a third party, he, defendant, will see that they are secured against loss by a mortgage to be given by such third party, even though plaintiffs endorse the note on the faith of that promise.

Argued January 30, 1928. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 23, Jan. T., 1928, by defendant, from judgment of C. P. Lehigh Co., June T., 1926, No. 27, on verdict for plaintiffs, in case of Raymond W. Rapp et al. v. Frank P. Snyder. Reversed.

Assumpsit for breach of contract. Before Iobst, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs for $3,126.56. Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment n. o. v., quoting record.

*Adams Dodson,* with him *Asher Seip,* for appellant, cited as to the existence of a contract: Richards v. Richards, 46 Pa. 78; Dougherty v. Torrence, 25 Pa. C. C. 317.

As to the Statute of Frauds: Nugent v. Wolfe, 111 Pa. 471; Maule v. Bucknell, 50 Pa. 39; Putnam Machine Co. v. Cann, 173 Pa. 392.

*Dallas Dillinger, Jr.,* with him *William H. Schneller,* for appellees, cited: Lawall v. Groman, 180 Pa. 532; General Roofing Mfg. Co. v. Title & Trust Co., 71 Pa. Superior Ct. 373.

Opinion by Mr. Justice Simpson, March 12, 1928:

At the trial of this case, defendant presented a point for binding instructions, which was refused; after a verdict was rendered for plaintiffs, he made a motion for judgment non obstante veredicto, which was dismissed; he thereupon prosecuted this appeal. Stating the evidence in the light most favorable to plaintiffs, it may, after the exclusion of all immaterialities, be epitomized as follows:

A man by the name of Lafaw, who had long been known to all the parties, requested plaintiffs to endorse two notes, which the bank, of which defendant was cashier, had agreed to discount if Lafaw obtained their endorsements. They were not inclined to accede to his request, but on being told by him that he would secure them by giving to them a second mortgage on a property he had agreed to buy, and after defendant's oral promise that he would see that the mortgage was given and would protect them from loss, they endorsed the notes, which were discounted by the bank, and the proceeds credited to and used by Lafaw. He caused such a mortgage to be drawn in favor of plaintiffs, which he executed and delivered to defendant, who had it recorded; but it was later discharged by a sheriff's sale, on foreclosure of the first mortgage, and hence did not protect plaintiffs from loss. The notes were renewed from time to time, but Lafaw finally defaulted in paying them; the bank sued and recovered a judgment against plaintiffs (Lehigh Valley National Bank v. Rapp, 286 Pa. 29) which they paid, and, to recover that amount, brought this suit against defendant on his alleged oral promise to them.

We are of one mind that the promise, even if made, was unenforceable, because of section 1 of the Act of April 26, 1855, P. L. 308, which provides that "no action shall be brought.... ... whereby to charge the defendant, upon any special promise, to answer for the debt or default of another, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person by him authorized." It is a matter of indifference whether defendant's liability is supposed to have arisen because he failed to protect plaintiffs from loss growing out of their endorsements, or because he failed to see that Lafaw gave them a mortgage which would secure them against loss, for the statute relieves him from liability in either

event.   If the former claim is correct, then it would have arisen, if at all, on his special promise to save them from loss in case Lafaw did not pay the *debt* represented by the notes they endorsed; if the latter it would have arisen, if at all, on his special promise to see that Lafaw did not *default* in giving a mortgage which would secure them from loss.   Lafaw, as maker of the notes, was the primary debtor to plaintiffs; defendant was only to become liable, if at all, because of one or the other of those special promises, to answer for his, Lafaw's *"debt or default."*   From that liability, in the absence of a written memorandum or note as to either special promise, defendant is relieved by the statute: Nugent v. Wolfe, 111 Pa. 471; Putnam Machine Co. v. Cann, 173 Pa. 392; Bayard v. Penna. Knitting Mills Corporation, 290 Pa. 79.

The judgment of the court below is reversed and judgment is here entered for defendant non obstante veredicto.