452 A.2d 19

**GRANT SERVICE COMPANY, INC., Appellant,**

**v.**

**Harold LEVY and Adrienne P. Levy.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1980.

Filed Oct. 29, 1982.

Walter W. Rabin, Philadelphia, for appellant.

Harold Levy, Philadelphia, appellant, in pro. per.

Albert C. Oehrle, Norristown, for Adrienne Levy, appellee.

Before PRICE, WATKINS and MONTGOMERY, JJ.

PRICE, Judge:

This is an appeal from a judgment n.o.v. entered in this action of mortgage foreclosure in favor of the appellee Adrienne P. Levy. We reverse and remand for consideration of the pending motion for new trial, on which we express no opinion.

In mid-1968, International Gas Light, Inc. ("IGL") found it needed financing and sought such financing from appellant, Grant Service Company ("Grant"). (R. 101a–102a). To secure this financing, Grant sought and received the personal guaranty of Harold Levy, appellee.[1] (R. 149a). To secure that guaranty, Harold Levy and his wife, Adrienne Levy, executed a mortgage in favor of Grant on their personal residence.[2] (R. 350a–357a). Both said mortgage and said guaranty expressly secured "advances made or to be made or credit given or to be given or other financial accommoda-

1. Appellee Harold Levy has filed no papers in this court. As such the judgment below is final as to him.

2. While it was contested below whether appellee Adrienne Levy had in fact executed the mortgage, the jury, by bringing back a verdict in favor of Grant and against said appellee, must necessarily have resolved this factual issue against said appellee and in favor of Grant.

tions from time to time afforded [to IGL]."[3]  The mortgage given expressly secures "all obligations set forth in that certain Guaranty Agreement dated June 6, 1968." (R. 352a). While no copy of the 1968 Guaranty Agreement was available below, both parties agreed that it contained the following language:

> This guaranty shall be a continuing, absolute and unconditional guaranty and shall remain in full force and effect until written notice of its discontinuance shall be actually received by [Grant].[4]

In 1971, IGL secured further financing from Grant. Grant also secured a new guaranty agreement from Harold Levy at this time. (R. 377a). IGL shortly thereafter instructed Grant to use some of the 1971 funds to pay off the remaining 1968 debt and Grant did so. (R. 376a).

Appellees contended below that notice had been sent to Grant discontinuing the 1968 guaranty agreement before the 1971 financing was extended. (R. 166a–168a). The evidence was uncontroverted, however, that no such notice was ever received by Grant.

The court below found that there was a novation in 1971 (R. 412a) and implicit therein was a finding that the parties to the 1971 agreements specially intended those 1971 agreements as a complete substitute for all and any prior agreements. In so finding, we hold the court below erred.

In *First Pa. Bank, N.A. v. Triester,* 251 Pa.Superior Ct. 372, 380 A.2d 826 (1977), this court considered the law regarding novations at some length:

> The elements of a novation are clearly stated in *Wright v. Hanna,* 210 Pa. 349 [59 A. 1097]: 'The displacement *and extinction* of the prior contracts, a sufficient consideration, and the consent of the parties thereto.' (citations omitted) (emphasis added).

**3.** Mortgage, (R. 350a); 1971 Guaranty Agreement. (R. 377a). (It was testified that this agreement was the same as the 1968 Guaranty Agreement.) (R. 236a).

**4.** 1971 Guaranty Agreement. (R. 377a).

*Triester, supra,* 251 Pa.Superior Ct. at 382, 380 A.2d at 830–831. In *Citizens' Bank of Wind Gap v. Lipschitz,* 296 Pa. 291, 145 A. 831 (1929), the court held:

There is a legal presumption that the substituted paper is not taken in discharge, but is received as collateral *security for the payment originally undertaken:* (citations omitted) (emphasis added).

*Id.,* 296 Pa. at 294, 145 A. at 832.

In *Triester, supra,* this court noted that the burden of overcoming that presumption and of showing such intention is upon the one who claims to be released, and concluded:

*[w]hether there has been a novation is ordinarily a question of fact* (citations omitted), and though the burden of proof is upon the one so claiming, and he must prove a *special agreement for substitution,* yet this may be established by evidence of an express understanding to this effect, or by circumstances showing such assent: *Parish Mfg. Co. v. Martin-Parry Corp.,* 285 Pa. 131 [131 A. 710]. (emphasis added).

*Triester, supra,* 251 Pa.Superior Ct. at 382, 380 A.2d at 831–832.

This case presented a question of fact upon which appellees bore the burden of proof; therefore judgment n.o.v. was altogether impermissible since the jury was free to conclude that appellees' evidence was not credible. Whether appellees carried their burden of proof on this factual issue was clearly for the jury alone to decide.

In short, the jury could have found that the appellees simply did not prove any "special agreement for substitution" as required by *Triester, Wind Gap,* and *Parish, supra.* There was ample evidence supporting the jury's implicit finding that there was no such agreement.[5]

As this court pointed out in *Stephens v. Carrara,* 265 Pa.Superior Ct. 102, 401 A.2d 821 (1979), in considering a motion for judgment n.o.v.,

5. R. 238a–240a, 243a–244a, 246a–250a, 255a–257a, 263a–266a, 268a, 275a, 281a–282a.

[T]he court must accept as true all facts and proper inferences from testimony which tend to support the contentions of the party against whom the motion [for judgment n.o.v.] has been made, and further, must reject all testimony and inferences to the contrary.

*Id.,* 265 Pa.Superior Ct. at 105, 401 A.2d at 822.

Applying this rule to the case at bar, the judgment n.o.v. cannot stand.

The order of April 16, 1980 entering judgment n.o.v. is reversed. The matter is remanded for the trial court's action on the outstanding motion for a new trial upon which we express no opinion and do not retain jurisdiction.